E-FILED
Thursday, 27 October, 2005  11:20:23 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

ANTHONY A. HOLTZ,            )
                             )
    Petitioner,          )
                             )
  v.                         )    Case No. 05-1303
                             )
LISA MADIGAN,                )
                             )
    Respondent.          )

## **O R D E R**

    Before the Court are Anthony A. Holtz's ("Holtz's") Petition for Writ of Habeas Corpus By A Person in State Custody [Doc. # 1], Motion to Proceed Pro Se [Doc. # 2], and Request to Proceed In Forma Pauperis [Doc. # 3].  Holtz pled guilty to one count of Knowingly Resisting a Peace Officer, a misdemeanor.  He was sentenced to a conditional discharge, a fine, and community service.  On June 1, 2005, Holtz appealed his conviction to the Illinois Appellate Court, Fourth District; that appeal is still pending.  Holtz filed the instant Petition on September 27, 2005, in the Northern District of Indiana; the case was later transferred to this Court.

    Before reaching the merits of a petition for writ of habeas corpus brought pursuant to section 2254, a district court must consider "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his federal claims during the course of the state proceedings." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991), quoting Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988).  If the answer to either of these

questions is "no," then the failure to exhaust state remedies or procedural default bars the petition. See id. In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail. See Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Exhaustion of a federal claim occurs when it has been presented to the highest state court for a ruling on the merits or when it could not be brought in state court because a remedy no longer exists when the federal petition is filed. Id.

In the present case Holtz has not exhausted his state remedies as his appeal to the Illinois Appellate Court is still pending. Accordingly, this Court does not have jurisdiction to entertain his petition.

IT IS THEREFORE ORDERED that Holtz's Petition for Writ of Habeas Corpus By A Person in State Custody [Doc. # 1] is dismissed without prejudice.

IT IS FURTHER ORDERED that Holtz's Motion to Proceed Pro Se [Doc. # 2] and Request to Proceed In Forma Pauperis [Doc. # 3] are DENIED.

CASE TERMINATED.

Entered this  26th  day of October, 2005.


                                                 s/ Joe B. McDade
                                                 JOE BILLY McDADE
                                        United States District Judge